672 N.W.2d 175 (2003)
Margaret R. REYNOLDS, Plaintiff-Appellant,
v.
DETROIT BOARD OF EDUCATION, Defendant-Appellee.
Docket No. 123939, No. COA 244888.
Supreme Court of Michigan.
December 19, 2003.
On order of the Court, the application for leave to appeal the March 31, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., would remand to the Court of Appeals for consideration as on leave granted.
MARILYN J. KELLY, J., dissents and states as follows.
In this case, the Worker's Compensation Appellate Commission (WCAC) overruled the magistrate's decision awarding benefits to plaintiff. The WCAC terminated plaintiff's benefits because it found that she had been hostile and uncooperative with defendant's doctors. It reviewed the record independently and made its own factual determinations, contrary to its statutory obligation to defer to a magistrate's decision that is supported by "competent, material, and substantial evidence on the whole record." M.C.L. § 418.861a(3).
The magistrate considered the testimony of all the witnesses on direct and cross-examination and the conclusions they offered. This "competent, material, and substantial evidence" supports the magistrate's decision that plaintiff suffered a debilitating mental disorder because she had been beaten to unconsciousness on the job. Therefore, the WCAC was bound to treat the magistrate's findings as conclusive. Id.[1]
Although the Worker's Disability Compensation Act (WDCA), M.C.L. § 418.101et seq., allows the WCAC to make factual determinations upon a quantitative and *176 qualitative review of the whole record, M.C.L. § 418.861a(13), it is not allowed to engage in fact-finding de novo. Mudel v. Great A & P Tea Co., 462 Mich. 691, 702-704, 614 N.W.2d 607 (2000). An appellate court is bound to correct de novo fact-finding by the WCAC as legal error.
Here, the WCAC clearly reviewed the evidence de novo. Rather than considering the magistrate's conclusion that plaintiff had been injured on the job, it reviewed the record anew to determine if plaintiff had obstructed defendant's medical experts. Because this is improper under the WDCA, I would reverse the WCAC decision and reinstate the magistrate's award.
NOTES
[1] Indeed, M.C.L. § 418.861a(3) expanded the deference the WCAC must accord the magistrate by reducing the burden of proof. Under the former standard, the magistrate's decision had to meet a preponderance of the evidence standard. M.C.L. § 418.861a(2). By contrast, subsection (3) now requires only sufficient evidence "adequate to justify the conclusion."